# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| Roy Donn | § | |
|     Plaintiff, | § | |
| | § | Civil Action No. 4:19-cv-370 |
| v. | § | |
| | § | |
| Twin Cities South Trailer Sales, LLC, | § | JURY DEMANDED |
| and | § | |
| Gary T. Raak, Individually | § | |
|     Defendants | § | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Roy Donn, by and through his undersigned attorneys of record, and sues Defendants Twin Cities South Trailer Sales, LLC, and Gary T. Raak, individually (hereinafter referred to collectively as "Defendants"), and in support thereof would show unto this Honorable Court as follows:

## I.     PRELIMINARY STATEMENT

1.1.     Plaintiff brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1.2.     During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay.

## II.     PARTIES

2.1.     Plaintiff is an individual residing in Denton County, Texas.

2.2.     Defendant Twin Cities South Trailer Sales, LLC is a foreign Limited Liability Company, doing business in the State of Texas and maintains its principal office in Pilot Point, Denton County, Texas.  This Defendant can be served with process by serving its registered agent

for service of process, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2.3.    Defendant Gary T. Raak is an individual residing in Texas and may can be served with process at 8448 Highway 377, Pilot Point, Texas 76258 or at 9538 Wilson Road, Pilot Point, Texas 76258, or wherever else he may be found.

### III.    JURISDICTION AND VENUE

3.1.    Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1337, and by Title 28 U.S.C. § 216(b).

3.2.    Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

### IV.    FLSA COVERAGE

4.1.    At all times pertinent to this Complaint, Defendants have each acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

4.2.    At all times hereinafter mentioned, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3.    At all times hereinafter mentioned, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4.    At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or

business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5.    At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V.    FACTUAL ALLEGATIONS

5.1.    Plaintiff worked for Defendants jointly from approximately July 2016 to approximately May 10, 2019 selling trailers, repairing trailers, delivering trailers, and performing general labor.

5.2.    Gary T. Raak is an individual who is an owner, president, manager, and director of Twin Cities South Trailer Sales, LLC.

5.3.    As an owner, president, manager, and director of Twin Cities South Trailer Sales, LLC, Gary T. Raak independently exercised control over the work situation of Plaintiff.

5.4.    Gary T. Raak determined the wages to be paid to Plaintiff.

5.5.    Gary T. Raak determined the hours to be worked by Plaintiff.

5.6.    Gary T. Raak maintained the employment records of Plaintiff.

5.7.    Gary T. Raak maintained the power to discipline Plaintiff.

5.8.    Gary T. Raak maintained the power to hire and fire Plaintiff.

5.9.    Gary T. Raak maintained control, oversight, and direction over the operation of Defendants' employment practices, including those practices affecting Plaintiff.

5.10.    Plaintiff was paid $1,000 per week based upon an hourly rate of $25 per hour for a forty-hour week.

5.11    Plaintiff did not receive additional pay for hours worked over forty (40) in a workweek.

5.12.   Plaintiff was a nonexempt employee.

5.13.   Plaintiff regularly worked in excess of forty (40) hours per workweek (overtime hours).

5.14.   Defendants were aware that Plaintiff regularly worked in excess of forty (40) hours per workweek.

5.15.   During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked (overtime compensation).

5.16.   No justification or excuse existed for Defendants' practice of failing to compensate Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked.

## VI.    CAUSES OF ACTION:

### A.    VIOLATION OF FLSA 29 U.S.C. § 207
### UNPAID OVERTIME

6.1.    The acts described in the preceding paragraphs violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

6.2.    Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

6.3.    Defendants' conduct as described herein was not based in good faith and with a reasonable belief that they complied with the FLSA.

6.4.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

6.5.     Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to Plaintiff's unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

6.6.     Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action.  Plaintiff is also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

**B.     VIOLATION OF FLSA 29 U.S.C. § 215(a)(3) RETALIATION**

6.7.     Prior to filing suit Plaintiff complained to Defendants that he has been illegally denied proper overtime payment. In response, and because of his complaint, Plaintiff's hours were cut.

6.8.     Additionally, Gary T. Raak began a pattern of behavior that included screaming and yelling at Plaintiff, cursing and name-calling, and requiring Plaintiff to perform painful and demeaning physical labor.

6.9.     Because of Defendants' retaliatory conduct, Plaintiff ultimately quit his job. Plaintiff was constructively discharged.

6.10.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages including lost wages, emotional distress, punitive damages, and liquidated damages.

**VII.    JURY TRIAL DEMAND**

7.1     Plaintiff demands a jury trial on all issues so triable.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

(a).     The Court assume jurisdiction of this cause and that Defendants be cited to appear;

(b).     The Court award damages to Plaintiff as specified above;

(c).    The Court award reasonable and necessary attorney's fees and costs; and

(d).    The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.  Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted:

By: */s/ David G. Langenfeld*
       **David G. Langenfeld**
       Attorney-in-Charge
       State Bar No. 11911325
       LEICHTER LAW FIRM
       1602 East 7th Street
       Austin, TX  78702
       Tel.:  (512) 495-9995
       Fax:  (512) 482-0164
       Email:  david@leichterlaw.com

By: */s/ Hugh Coleman*
       **Hugh Coleman**
       State Bar No. 00792416
       COLEMAN LAW FIRM, PC
       1415 North Elm Street
       Denton, TX  76201
       Tel.:  (940) 735-4007
       Fax:  (940) 239-9866
       Email:  hugh@colemanlf.com

**ATTORNEYS FOR PLAINTIFF**